IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathy Reaves, a/k/a Kathy Juanita Reaves, #50632, | Case No.: 4:24-5607-JD-TER |
| Plaintiff/Petitioner, | |
| vs. | ORDER AND OPINION |
| South Carolina Law Enforcement South Carolina Highway Patrol, South Carolina Dept. of Public Safety, Larry McNeill, and Charles Lemon, | |
| Defendants/Respondents. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 11), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Kathy Reaves, a/k/a Kathy Juanita Reaves, #50632's ("Reaves") pleadings.[1]

**A. Background**

Reaves filed this Habeas Corpus Petition/Complaint "challenging the manner upon which she was arrested by SLED/SCHP/SDPS and federal court's decision in this jurisdiction to take jurisdiction over a Ga warrant that was never issued - Ga

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

warrant is a state warrant issued under an indictment in the state of Ga for a crime under Ga law." (DE 1 at 7.) Reaves also says:

> [t]his is a refile of the 4:24-cv-05039-JD-TER petitioning the federal courts to review the validity of the convictions and sentences; alleging that orders issued under federal law pertaining to an arrest by these defendants using a fake county warrant from Ga and other such allege that criminal proceedings and resulting convictions and/or sentences violated the constitutional rights of Kathy.

(*Id.*)[2] Reaves's pleadings assert these claims:

> 1. Kathy claims under habeas corpus issuance of BOLO/ APB by SLED between August 2021 - November 2021 violated her constitutional rights secured under 4A unreasonable search and seizure.
>
> 2. Kathy files this claim under habeas corpus execution and enforcement of fake county warrant CE-0140412 along with the fictitious state Ga warrant defendants falsely claimed exists executed against Kathy by quote "Ga" of which neither defendants nor this Court was able to produce by this court under 4:22-cv-318-TLW-TER and by defendants violated her rights secured under federal law ( extradition)
>
> 3. Kathy claims under habeas corpus her detainment by the Marlboro County Sheriff Office, Larry McNeill, Sheriff of Marlboro County violated her rights under federal law on November 19, 2021.
>
> 4. Ka[t]hy claims under habeas corpus the manner upon which SLED wrongful usage of her GBI/FBI criminal background report distributing it to the SCLEN and SCHP and SCDPS violated her rights secured under federal law.
>
> 5. Kathy claims under habeas corpus conduct of defendants and their decision to deny her due process rights during their tribunal of her, unlawful detainment, conviction of an out of state warrant violated federal law.

(DE 1 at 8, ¶¶ 1-5.) But this Court has imposed the following prefiling injunction against Kathy Reaves in *Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847:

---

[2] In *Kathy Reaves, a/k/a Kathy Juanita Reaves, #50632, v. South Carolina Law Enforcement Division, Marlboro County Sheriff's Office*, 4:24-cv-5039-JD-TER, this Court adopted the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (DE 11), and dismissed Kathy Reaves's Petition under 28 U.S.C. section 2254 because Reaves was "not in custody under a state court judgment as required by § 2254(a)[.]"

2

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a "Motion for Leave to File Pursuant to Court Order," which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a "Motion for Leave to File Pursuant to Court Order" submitted by Plaintiff.

Reaves acknowledges she is subject to the prefiling injunction imposed by this Court for the civil claims she asserts. (DE 1 at 6, 13-20.) Finally, Reaves's Complaint seeks to disqualify the Honorable Terry L. Wooten, Senior United States District Judge, under 28 U.S.C. section 144 asserting bias and prejudice due to, among other things, adverse rulings against her.[3]

### B. Report and Recommendation

On October 10, 2024, the Magistrate Judge issued the Report noting that "this is Petitioner's second action purporting to be a habeas action" and Reaves's petition should be dismissed without prejudice because she is "not in custody under a state court judgment as required by § 2254(a)[.]" (DE 9 at 1-2, n. 1.) The Report found that

---

[3]  Since Judge Wooten is not assigned to this case, this assertion is moot.

> [t]his court may only "entertain an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a))(emphasis added).

(DE 9 at 1.) The Report also found that:

> Petitioner has not been convicted in state court. Petitioner rehashes allegations regarding a November 2021 arrest and resulting effects of which Petitioner has a prefiling injunction barring her from filing such civil actions without additional requirements; this second habeas action appears to be a thinly veiled attempt around the prior court order.

(*Id.* at 3-4.) Reaves objected to the Report on November 7, 2024. (DE 13.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

4

### D. Reaves's Objections

Reaves's eight-page objection seeks to enlarge the time to respond to the Report (without any further explanation), and it provides, among other things, a procedural history of her claims and defenses surrounding her arrest in 2021 and her difficulty prosecuting her claims in court. (DE 13.) That said, no argument made by Reaves in her objection addresses whether she is in custody under a state court judgment or how additional time would allow her to address this finding. As the Report adeptly stated, "[t]his court may only 'entertain an application for a writ of habeas corpus in behalf of a person **in custody pursuant to the judgment of a State court** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a))(emphasis added)." (DE 9 at 1.) To the extent Reaves seeks habeas relief since she has not addressed this standard, her objection is overruled.

As for the remaining allegations and claims in her Complaint, a review of Reaves's pleading shows it relates to the events regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment. Reaves has not provided the information required under the prefiling injunction order. Thus, Reaves's claims are enjoined.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 9) and incorporates it here by reference.

5

It is, therefore, ORDERED that Reaves's habeas petition/complaint (DE 1) is dismissed without prejudice.

**IT IS SO ORDERED.**

January 23, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.